UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN DWIGHT PETERSON,

        Plaintiff,                      Case No. 1:16-cv-104

v.                                    Honorable Janet T. Neff

DAVID OSTRANDER et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Ostrander, Goodell, Fuller, Shull and Kipp. The Court will serve the complaint against Defendant Caswell.

**Factual Allegations**

Plaintiff Brian Dwight Peterson presently is incarcerated at the Carson City Correctional Facility, though the actions about which he complains occurred while he was incarcerated at the Kalamazoo County Jail (KCJ). He sues the following Defendants: Sheriff (unknown) Fuller, Captain (unknown) Shull, and Lieutenant (unknown) Kipp, all of the Kalamazoo County Sheriff Department; and City of Kalamazoo Police Detectives David Caswell and Sheila Goodell; and City of Kalamazoo Police Officer David Ostrander.

Plaintiff alleges that, while being held in KCJ from November 2012 through August 2013, he was prevented by unnamed officers from sending and receiving mail for some period of time, ostensibly in violation of his First and Eighth Amendment rights. Plaintiff alleges that he submitted a grievance to Defendant Shull on November 11, 2012, and filed another grievance with Officer Garrett (not a Defendant) on November 21, 2012. Plaintiff claims that he received no responses to his grievances. Further, Plaintiff alleges that he was denied access to a law library during that period. He contends that Defendants told him that his right to access the courts was met by having an attorney. Plaintiff conclusorily suggests that, had he been able to receive mail and access the law library, he might have been able to arrange for bail or to obtain a change in venue. Plaintiff also complains that he learned that a warrant had issued authorizing the search and seizure of his incoming and outgoing mail, but he was personally unable to obtain a copy of the warrant for some time. Plaintiff apparently ultimately received a copy of the warrant, which he attaches to his complaint. (*See* ECF No. 1-1, PageID.16.) The warrant was requested by Defendant Caswell.

For relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Lack of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73

(W.D. Mich. 1991). Plaintiff fails to even to mention Defendant Goodell in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). He therefore fails to state a claim against Defendant Goodell.[1]

### B. Failure to Respond to Grievances

Plaintiff fails to make specific factual allegations against Defendants Fuller, Ostrander, Shull and Kipp, other than his claims that they failed to respond to his grievances and, presumably, failed to supervise their subordinates.

#### 1. Due Process

Plaintiff has no due process right to file a prison grievance or to receive responses to such grievances. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

---

[1] Although Plaintiff does not specifically name Defendant Caswell in the body of the complaint, he alleges that he prevented Plaintiff from sending and receiving all mail by a warrant, which his attachments indicate was obtained by Defendant Caswell. The Court concludes that, when read indulgently, the complaint alleges that Defendant Caswell deprived him of his First Amendment right to send and receive mail.

Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

2. Right to petition government

Moreover, Defendants' actions have not barred Plaintiff from petitioning government for a redress of grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 Fed. App'x 411, 415-416 (6th Cir. 2014) (citing *North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n. 6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required);

*Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim under the First Amendment's petition clause.

Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). In addition, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Fuller, Ostrander, Shull and Kipp engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### C. Denial of Access to Law Library

Plaintiff has failed to identify any jail employee who actively denied him access to the law library. Even had he alleged that a particular individual denied him access to the library, he would fail to state a claim.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states

must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391

(6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff claims that the denial of access to the law library caused him actual injury by preventing him from assisting with his criminal defense and by preventing him from obtaining a change in venue due to the publicity. A prisoner who is represented by counsel has no freestanding right to access a jail law library. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825). An inmate's right of access to the courts is fully protected if he is represented by counsel. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). *Cf. United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) (defendant's waiver of right to court-appointed counsel and decision to represent himself in defense of criminal prosecution constituted waiver of right of access to law library). Plaintiff was represented by counsel in his

criminal case. His right of access to the courts for his criminal defense therefore was adequately protected.

Moreover, to the extent that Plaintiff alleges that, due to his lack of access to a law library, he could not effectively bring a civil case while he was housed in the jail, he fails to allege how his lack of access to a law library during a nine month period caused actual injury to any nonfrivolous civil action. He therefore fails to state an access-to-the-courts claim.

### D.     Interference with Mail – First Amendment

By incorporation of his attachments, Plaintiff alleges that Defendant Caswell prevented him from receiving or sending mail during the entire period during which he was housed at the KCJ. Although some portion of his allegations appear time-barred, the Court concludes that Plaintiff has alleged facts sufficient to warrant service of a First Amendment claim against Caswell.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Ostrander, Goodell, Fuller, Shull and Kipp will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss Plaintiff's claim based on denial of access to the law library. The Court will serve Plaintiff's First Amendment claim against Defendant Caswell.

An Order consistent with this Opinion will be entered.


Dated:  July 14, 2016                         /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge