UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PETERSON,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                  Case No. 1:16-cv-104

DAVID OSTRANDER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion to Dismiss</u>. (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). For an unspecified period of time, Plaintiff was incarcerated in the Kalamazoo County Jail. (ECF No. 1 at PageID.1-5).[1] On October 24, 2012, Detective David Caswell secured a search warrant authorizing "the Sheriff or any peace officer" to seize and search "all incoming and outgoing mail/documents/and or letters from Brian Dwight Peterson's jail cell for as long as he is incarcerated at the Kalamazoo County Jail." (ECF No. 1-1 at PageID.16). During Plaintiff's stay at the Kalamazoo County Jail, his incoming

---

[1] Petitioner is currently serving a 20-50 year prison sentence on a second degree murder conviction. *See* Biographical Information, Brian Dwight Peterson, available at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=477079 (last visited on Dec. 21, 2016). It appears that Plaintiff was housed in the Kalamazoo County Jail prior to and during his state court murder trial.

and outgoing mail was seized pursuant to the aforementioned search warrant. Plaintiff does not assert a Fourth Amendment claim challenging the validity of the search warrant, but instead asserts against Detective Caswell a claim that the seizure of his mail violated his First Amendment rights.[2] Defendant Caswell now moves to dismiss Plaintiff's claim on statute of limitations grounds.

## ANALYSIS

When determining the limitations period applicable in a § 1983 action, courts must borrow the statue of limitations which governs personal injury actions in the state in which the § 1983 action was initiated. *See Owens v. Okure*, 488 U.S. 235, 239-41 (1989); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(10). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990); *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir., Jan. 3, 2006).[3]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hebron v. Shelby County Government*, 406 Fed. Appx.

---

[2] Plaintiff also asserted various claims against several other individuals, but these claims were all dismissed on screening. (ECF No. 19).

[3] The *Hardin* and *City of Hamtramck* courts identified the relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001); *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Plaintiff has attached to his complaint copies of two grievances he filed which establish that no later than November 21, 2012, Plaintiff was aware that his mail was being seized pursuant to a search warrant. (ECF No. 1-1 at PageID.12-14). Thus, Defendant argues that the limitations period began to run no later than November 21, 2012, because as of this date Plaintiff knew of the injury, the seizure of his mail pursuant to a search warrant, that forms the basis of his claim. That Plaintiff may not have learned of Defendant Caswell's identity until later is irrelevant, as it is the knowledge of injury, not the identity of the person who allegedly caused that injury, that triggers the running of the limitations period. *See, e.g., Ruiz-Bueno v. Maxim Healthcare Services, Inc.*, 2015 WL 3743147 at *3 (S.D. Ohio, June 15, 2015) ("once a party has reason to know of an event that should alert him to protect his rights under § 1983, he has [until the expiration of the relevant limitations period] to identify the correct defendants and file suit"). Defendant argues, therefore, that the present action, initiated February 1, 2016, is untimely.

Plaintiff counters that under the "continuing violation doctrine," the statute of limitations did not begin to run until August 2013, when he departed the Kalamazoo County Jail, thereby making timely the filing of the present action. Pursuant to the "continuing violation doctrine," the statute of limitations does not begin to run so long as the wrong which forms the basis of a particular claim is

ongoing.  *See Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009).  A "continuing violation" exists where: (1) the defendant engages in continuing wrongful conduct; (2) injury to the plaintiff accrues continuously; and (3) had the defendant at any time ceased his wrongful conduct, further injury would have been avoided.  *Id.*  An examination of the allegations in Plaintiff's complaint reveals that the application of the continuing violations doctrine is not applicable to Plaintiff's claim against Defendant Caswell.

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability.  *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998).  Plaintiff "must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on."  *Walters v. Stafford*, 317 Fed. Appx. 479, 486 (6th Cir., Mar. 18, 2009) (citing *Bass*, 167 F.3d at 1048).  Likewise, liability does not attach to a supervisory employee "based solely on the right to control employees, or simple awareness of employees' misconduct."  *Stafford*, 317 Fed. Appx. at 486-87.  Instead, Plaintiff must demonstrate *personal involvement* by a particular defendant.  *See Bass*, 167 F.3d at 1048 (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior").

In his complaint, Plaintiff makes absolutely no allegations against Defendant Caswell.  Other than identifying Detective Caswell as a defendant in this matter, the only mention of Caswell in Plaintiff's complaint is inferentially through the attachment to Plaintiff's complaint of the aforementioned search warrant.  (ECF No. 1 at PageID.1-17).  Plaintiff does not allege that Defendant Caswell actually seized any of his mail, but instead alleges at most, by reference to the search warrant,

only that Defendant Caswell secured the search warrant pursuant to which his mail was seized.[4]  This is a single act and, therefore, does not come within the purview of the continuing violation doctrine.  Accordingly, the Court finds that the statute of limitations began to run in this matter no later than November 21, 2012.  As such, Plaintiff's claim against Defendant Caswell, initiated on February 1, 2016, is untimely.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 28), be **granted** and this action **terminated**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 4, 2017          /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

---

[4] The Court also notes that the search warrant authorizes "the Sheriff or any Peace Officer" to seize Plaintiff's mail.  Thus, it cannot be argued that Defendant Caswell was the only individual lawfully authorized to seize Plaintiff's mail and that, therefore, by way of inference Caswell was the individual who seized Plaintiff's mail.