UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN DWIGHT PETERSON,

    Plaintiff,

v.

Case No. 1:16-cv-104

HON. JANET T. NEFF

DAVID OSTRANDER, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's claim of a violation of his First Amendment rights, due to the seizure of his mail pursuant to a warrant while he was incarcerated (ECF No. 1). Defendant David Caswell filed a Motion to Dismiss, arguing that the statute of limitations barred the claim (ECF No. 28). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending Defendant's motion be granted and this action terminated (ECF No. 34). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.[1] The Court denies the objections and issues this Opinion and Order.

---

[1] The standard applies appropriate de novo review on objection; therefore, Plaintiff's request for de novo review (ECF No. 42) is moot.

Plaintiff argues that the Magistrate Judge erred in not considering the seizure of his mail a "continuous" violation with regard to Detective Caswell because it was "reasonable to infer" that Detective Caswell personally seized Plaintiff's mail until Plaintiff was transferred from the Kalamazoo County Jail (Pl. Obj., ECF No. 36 at PageID.131; R & R, ECF No. 34 at PageID.123). The Magistrate Judge determined that Defendant Caswell's single act of securing the search warrant, pursuant to which Plaintiff's mail was seized, does not come within the purview of the continuing violation doctrine (R & R, ECF No. 34 at PageID.124). Plaintiff's bare assertion in his objection that Defendant Caswell also personally seized Plaintiff's mail is without any basis in the record and cannot reasonably be inferred on the facts presented. Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge applied the continuing violation doctrine and the governing legal principles regarding the statute of limitations and properly determined the present action is time barred.

Plaintiff claims for the first time First Amendment retaliation and violations of the Fourth and Fourteenth Amendments in his objection to the Report and Recommendation (Pl. Obj., ECF No. 36 at PageID.130). The Magistrate Judge had no opportunity to evaluate these claims. Since these issues were not raised prior to the district court's review, they are deemed waived. 28 U.S.C. § 631 *et seq.*; *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). The Magistrate Judge determined that the statute of limitations period applicable to the present action is three years (R & R, ECF No. 34 at PageID.121). To the extent Plaintiff attempts to reserve the right to amend his complaint to add these new claims, he fails to show how these claims would overcome this time-bar. Thus, any amendment would be futile.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. All claims have been resolved in this case, and thus a Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. For the above reasons and because this action was filed in forma pauperis, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 36) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 34) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 28) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Request for De Novo Review (ECF No. 42) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 7, 2017                                   /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge